IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALICIA F, by and through her parents, LINDA F. And RAYMOND F., <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendant. | CV. NO. 06-00268 HG-BMK <br><br> REPORT OF SPECIAL MASTER FINDING AND RECOMMENDING THAT PLAINTIFFS MOTION TO APPROVE THE SETTLEMENT AND AWARD ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART |

REPORT OF SPECIAL MASTER FINDING AND RECOMMENDING THAT
PLAINTIFFS MOTION TO APPROVE THE SETTLEMENT AND
AWARD ATTORNEYS' FEES AND COSTS BE
<u>GRANTED IN PART AND DENIED IN PART</u>

Plaintiffs have moved the Court to approve their settlement agreement and award them attorneys' fees and costs. Pursuant to Local Rule 53.1, the case has been designated to the magistrate judge as a Special Master. After careful consideration of the motion and the supporting and opposing memoranda, the Special Master FINDS and RECOMMENDS that Plaintiffs' motion be GRANTED IN PART and DENIED IN PART. The Special Master recommends that the settlement agreement be approved and that Plaintiffs be awarded $34,410.58 in attorneys' fees, $7,136.41 in paralegal fees, and up to $1,534.56 in other costs.

## FACTUAL BACKGROUND

Plaintiff Alicia F., by and through her parents, Plaintiffs Linda F. and Raymond F., requested a due process hearing on whether Defendant Department of Education ("DOE") was providing her with a "free appropriate public education" ("FAPE") as required by the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-87 (2000). A hearing was held January 24, 2006 through January 27, 2006, before a hearings officer of the Office of Administrative Hearings of the Department of Commerce and Consumer Affairs of the State of Hawaii. On April 17, 2006, the hearings officer issued a written order concluding that the DOE was not providing Alicia F. with a FAPE. Plaintiffs were deemed a prevailing party in the matter.

On June 19, 2006 Plaintiffs and Defendant entered into a settlement agreement in which they agreed (1) that the DOE would reimburse Plaintiffs for "tuition for placement at Redemption Academy for the 2004-2005 and 2005-2006 school years"; (2) that the Plaintiffs would submit documentation to obtain reimbursement; and, (3) that the DOE would pay Plaintiffs "reasonable attorney's fees and costs." (Pls.' Mem. Supp. Ex. A.) In addition, the parties affirmed that the settlement agreement "contain[ed] the entire agreement between the parties . . . ." (Pls. Mem. Supp. Ex. A.)

Plaintiffs and Defendant are unable to agree, however, on what constitutes "reasonable attorney's fees and costs" under the settlement agreement. Plaintiffs therefore submitted the present motion on August 11 requesting the Court to approve the settlement agreement and award Plaintiffs attorneys' fees and costs. This motion requests fees and costs in the amount of $51,549.86. The DOE submitted a memorandum in opposition on September 22, 2006 and Plaintiffs filed a reply memorandum on September 29, 2006. Plaintiffs' reply amended their request to add $5,916.51 in additional fees and costs incurred in drafting the motion and reply.

## RELEVANT LAW

Prevailing parties may be awarded reasonable attorneys' fees in actions brought under the IDEA. 20 U.S.C. § 1415(i)(3)(B)(i) (2000). The statute provides that these fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." § 1415(i)(3)(c). However, the court must reduce the amount of attorneys' fees awarded where the rate "unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience," and where "the time spent and legal services furnished were excessive considering the nature of the action or

proceeding." § 1415(i)(3)(F)(ii)-(iii).  These statutory requirements mirror the "lodestar" approach developed in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) and subsequent cases.  One principal difference, however, is that under the IDEA, "[n]o bonus or multiplier may be used in calculating the fees awarded . . . ." § 1415(i)(3)(C).

The form in which motions for attorneys' fees and expenses should be submitted to the Court is governed by the Local Rules for the District of Hawaii. Local Rule 54.3(d) requires that fee petitions include "a description of the work performed by each attorney and paralegal, broken down by hours or fractions thereof expended on each task . . . ." L.R. 54.3(d).  These entries "must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." L.R. 54.3(d)(2).  Moreover, these descriptions are not merely to be submitted in chronological order, but "shall be organized by litigation phase." L.R. 54.3(d)(1).  Finally, Local Rule 54.3(d)(3) requires that the moving party identify the requested non-taxable expenses, "and should attach copies of invoices and receipts, if possible." L.R. 54.3(d)(3).

## DISCUSSION

Both parties seek approval of the June 19 settlement, but have been unable to agree on one of the terms of that settlement; namely, what constitutes

"reasonable attorneys' fees and costs."

## I.  ATTORNEYS' FEES

### A.  Hourly Rate

The first step in determining reasonable attorneys' fees is to assess the appropriate hourly rates for the attorneys involved.  The hourly rate "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  § 1415(i)(3)(c).  Here, Plaintiffs seek an hourly rate of $300 per hour for Mr. Levin.[1]  Mr. Levin has been a practicing civil rights litigator in Hawaii for the past 34 years and declares that he has handled 300 IDEA cases in the last ten years.  Although this Court has previously granted Mr. Levin a rate of $275 per hour, see, e.g. Doe ex rel. Doe v. Keala, 361 F.Supp.2d 1171, 1183 (D. Haw. 2005), Mr. Levin contends that $300 per hour is a reasonable rate for an attorney of his skill, reputation, and experience.

The DOE objects on the grounds that a rate of $300 per hour is not merited because "[t]his was an administrative hearing case, not a complex civil or criminal litigation case."  (Def.'s Mem. Opp. 5-6).  The DOE offers no evidence,

---

[1] Plaintiffs also request fees for Ms. Dorsey at the rate of $150 per hour, and for Mr. Levin's paralegal, Bruce Ellis, in the amount of $85/hour.  The Defendant does not object to the hourly rates of either Ms. Dorsey or Mr. Ellis.

however, regarding the crucial factor of the community's prevailing hourly rates for comparable work by a comparable attorney.

Plaintiffs, on the other hand, do provide such evidence. In support of his requested rate, Mr. Levin points to a recent decision of the Hawaii Supreme Court granting him a rate of $300 per hour. See Kalima v. State of Hawaii, No. 24784, slip op. at 1 Order Granting in Part and Denying in Part Plaintiffs-Appellees' Request for Attorneys' Fees and Costs (Haw. Sep. 12, 2006). Mr. Levin also submits the declaration of attorney Carl Varady, who states that the $300 per hour rate requested by Mr. Levin is "in line with the fees of other top-notch federal litigation attorneys in Hawaii" and that "[t]he prevailing range of rates for attorneys who have skills and experience necessary to advance a case of this nature to judgment or settlement is $300.00 to $350.00 per hour." (Varady Dec. ¶ 5.)

Somewhat more modestly, attorney Bruce Sherman states that although he "consider[s] a fee of $300.00 per hour, sought by Mr. Levin very reasonable" (Sherman Decl. ¶ 12), "the prevailing rate[] in the community" for attorneys of Mr. Levin's skill and reputation is actually $285 per hour, (Sherman Decl. ¶ 9).[2] Based on the evidence Plaintiffs present, the Special Master finds that

---

[2]The DOE indicates that it too considers $285 per hour to be a reasonable rate, stating that "the Court has previously awarded, and the State has been paying, Mr. Levin at a rate of two hundred eighty-five and no/100 ($285.00) per hour." (Def.'s Mem. Opp 5.)

$285 per hour is the hourly rate "prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished," § 1415(i)(3)(C), and recommends that Mr. Levin be awarded this rate.

### B. Services Rendered

The second step in determining the amount of attorneys' fees to be awarded is to determine the number of hours reasonably expended on the case. Plaintiffs initially seek to bill the DOE for a total of 95.31 hours of Mr. Levin's time and 35.4 hours of Ms. Dorsey's time. The DOE raises both substantive and procedural arguments as to why it should be billed for fewer hours.

Substantively, the DOE argues that the time Plaintiffs spent on this case was excessive: 10 hours for the initial chronology, 52.4 hours for the closing brief, and 15.4 hours on the reply brief. Plaintiffs contend, however, that these hours were not excessive. Plaintiffs argue that the chronology is of crucial importance to any IDEA case (Pls.' Reply Mem. 16), that this particular closing brief was 62 pages long and necessary in order to summarize a complicated case and "persuade the decision maker," (Pls.' Reply Mem. 16), and that the 15 hours for the reply brief was a normal amount of time (Pls.' Reply Mem. 17).

The Special Master finds that the time billed for the chronology and the closing brief to be appropriate, but finds that the 52.4 hours billed for the

closing brief to be "excessive considering the nature of the action or proceeding," § 1415(i)(3)(F)(iii).  The Special Master recommends that Plaintiffs be awarded only 45 hours for the closing brief.  Thus, in rough proportion to the hours they spent on the closing brief, 3.1 hours will be deducted from Ms. Dorsey's total and 4.3 hours will be deducted from Mr. Levin's total hours.[3]

In addition to its substantive arguments, the DOE also argues that Plaintiffs have failed to meet the procedural requirements of the Local Rules by (1) failing to properly itemize the work performed, (2) failing to adequately describe the services rendered, and (3) failing to organize those descriptions by litigation phase.

First, the DOE claims that Plaintiffs have failed to properly itemize the work the attorneys performed by engaging in instances of "block billing," making it "impossible for Defendant to assess the reasonableness of the time spent." (Def.'s Mem. Opp. 8.)  "Block billing" refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task.  See Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998).

---

[3] Mr. Levin billed 30.5 hours for the closing brief, Ms. Dorsey billed 21.4 hours for the closing brief, and Mr. Ellis billed just 0.5 hours for the closing brief.

While Plaintiffs are correct that "'block billing' is not mentioned or referred to in the local rules," (Pls.' Reply Mem. 9), it should be evident that the practice violates Local Rule 54.3(d), which requires that the memorandum in support of the motion for attorneys' fees describe "the work performed by each attorney and paralegal, broken down by hours or fractions thereof expended on each task . . . ." L.R. 54.3(d).

Here, the DOE points to seventeen entries which it believes constitute improper block billing. The Special Master agrees with Plaintiffs with respect to six of these seventeen entries.[4] All block billed time will be reduced by 20%. Mr. Levin has block billed 4.7 hours, so .94 hours will be deducted from his total. Ms. Dorsey has block billed 6.7 hours, so 1.34 hours will be deducted from her total. Mr. Ellis block billed 3 hours, so 0.6 hours will be deducted from his total in calculating Plaintiffs' costs.

Second, the DOE claims that Plaintiffs failed to adequately describe some of the services for which they have billed. Local Rule 54.3(d)(2) requires

---

[4]These six entries are: (1) Ms. Dorsey's March 27, 2006 entry, which records 3.7 hours spent on three discrete tasks; (2) Ms. Dorsey's April 4, 2006 entry, which records 3 hours spent on three discrete tasks; (3) Mr. Levin's July 14, 2006 entry, which records 0.8 hours spent on three discrete tasks; (4) Mr. Levin's first July 17, 2006 entry, which records 2.3 hours spent on two discrete tasks; (5) Mr. Levin's second July 17, 2006 entry, which records 1.5 hours spent on 4 discrete tasks; (6) Mr. Ellis's December 27, 2005 entry, which records 3 hours spent on two discrete tasks.

9

that "[t]he party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated."  L.R. 54.3(d)(2).  The DOE points to three entries which it believes are too vague "to ascertain what work was actually done or what document was worked on." (Def.'s Mem. Opp. 9.)  The Special Master agrees that two of those entries fail to adequately describe the services rendered: Mr. Levin's June 27, 2006 entry stating "MEET WITH BRUCE DISCUSS THE CASE," and Mr. Levin's January 19, 2006, entry stating "MEET WITH BRUCE TO PREP FOR HOURS."  These two entries total 0.56 hours, which will be deducted from Mr. Levin's total number of hours for the case.

        Third, the DOE argues that Plaintiffs have failed to comply with Local Rule 54.3(d)(1), which requires all descriptions of work to be organized by litigation phase.  Indeed, Plaintiffs have organized their work descriptions chronologically, not by litigation phase.  This is particularly troubling because Plaintiffs did not address this shortcoming in their reply memorandum, even though it was pointed out to them by the DOE, and even though Plaintiffs use their professed familiarity with the Local Rules in their argument against Plaintiffs' block billing claims.  Failure to follow the Local Rules makes the Court's task more onerous in evaluating requests for attorneys' fees.  While the Special Master

does not recommend any deduction in fees for Plaintiffs' failure to follow Local Rule 54.3(d)(1) in this case, Plaintiffs' attorneys are put on notice that subsequent disregard for the Local Rules may result in more tangible consequences.

Finally, Plaintiffs seek to bill the DOE for an additional 12.0 hours of Mr. Levin's time and an additional 3.7 hours of Ms. Dorsey's time that was spent preparing the fee request motion and the reply to Plaintiffs' answer. Plaintiffs will not be allowed to bill the DOE for these hours. Plaintiffs have attached *no* description of the work performed, much less organized these descriptions by litigation phase. Moreover, because this request is made as part of Plaintiffs' reply memorandum rather than in the form of a new motion, the DOE has not been afforded any opportunity to respond to this additional fee request. Therefore, the Special Master recommends that Plaintiffs' additional request for fees be denied.

Based on the deductions listed above, the Special Master recommends that the Court allow Mr. Levin to bill the DOE for 89.51 hours of his time and allow Ms. Dorsey to bill the DOE for 30.96 hours of her time. At rates of $285 per hour and $150 per hour, respectively, the Special Master recommends that Mr. Levin be awarded a base of $25,510.35 and Ms. Dorsey $4,644. These will then be multiplied by the Hawaii General Excise Tax of 4.166% for a combined attorneys' fees award of **$34,410.58**.

## C. Multiplier

Plaintiffs request a 5% enhancement on these lodestar fees. (Pls.' Mem. Supp. 12.) However, unlike in other types of attorneys' fees motions, "[n]o bonus or multiplier may be used in calculating the fees awarded" when attorneys' fees are sought under the IDEA. § 1415(i)(3)(C). The Special Master recommends that Plaintiffs not receive no enhancement of their fees.

## II. COSTS

In addition to attorneys' fees, Plaintiffs seek reimbursement for costs. These costs fall into three principal categories: paralegal fees, experts' fees, and other taxable and non-taxable costs.

## A. Paralegal Fees

Plaintiffs request that the DOE reimburse their paralegal fees for Mr. Ellis in the amount of $7,123.[5] The DOE does not challenge Mr. Ellis's rate of $85 per hour, but argues that the 83.8 hours Mr. Ellis billed is excessive.

First, the DOE objects to 38.3 hours of what they consider to be "double billing," where both Mr. Ellis and Mr. Levin were present at a hearing or

---

[5]In their reply memorandum, Plaintiffs also request $833.00 in costs for 12 hours that Mr. Ellis spent working on the motion for attorneys' fees and reply memorandum. As with the additional attorneys' fees requested Mr. Levin and Ms. Dorsey, however, Plaintiffs submitted no supporting documentation for these additional expenses. The Special Master recommends that Plaintiffs not be awarded these additional costs.

meeting. Plaintiffs, however, argue that it is "essential for the case" that Mr. Ellis be present at the hearings. (Pls.' Repy Mem. 12.) Plaintiffs also point to <u>Jessica P. v. Board of Education of the City of Chicago</u>, 2006 U.S. Dist. WL 1005356, at *4 (N.D. Ill. Apr. 13, 2006). In <u>Jessica P.</u>, a court found that it was reasonable for a party to bill for a paralegal's time as second chair at a due process hearing. 2006 U.S. Dist. WL 1005356, at *4. The DOE submits no authority to the contrary, and the Special Master finds that it is reasonable for Mr. Ellis to bill for time spent at the hearings.

The Special Master recommends, however, that Plaintiffs not be allowed to bill the DOE for the time Mr. Ellis spent meeting with clients or other attorneys when Mr. Levin was also present.[6] Thus, 2.0 hours will be deducted from Mr. Ellis's total hours for this case.

Second, the DOE objects to the 10 hours Mr. Ellis spent on the chronology as excessive. As discussed above, the Special Master finds that the time billed for the chronology was not excessive, but recommends that 0.6 hours be deducted for the 3 hours that were block billed by Mr. Ellis.

---

[6]This time is comprised of the following entries: 1.5 hours on January 19, 2006 and 0.5 hours on March 24, 2006.

Third, the DOE objects to billings that appear unrelated to the present case. The billing entered on June 22, 2006 is described as "06-07 new - Reivew [sic] client e-mail re : resolution session." (Pls.' Mem. Supp. Ex. C). The billing entered on June 26, 2006, is similarly described as "New 06-07 - Meeting with Advocate re : resolution session." (Pls.' Mem. Supp. Ex. C). Plaintiffs fail to provide any additional information regarding these two entries in their reply memorandum or in Mr. Ellis's declaration. Therefore, the Special Master recommends that an additional 0.6 hours be deducted from Mr. Ellis's total hours.

The Special Master therefore recommends that Plaintiffs be awarded paralegal expenses in the amount of **$7,136.41**, representing 80.6 hours of Mr. Ellis's time, billed at $85 per hour, plus a 4.166% Hawaii general excise tax on those fees.

### B. Expert Fees

Plaintiffs also request reimbursement for $5,585.00 paid to their expert witnesses Dr. Bateman and Dr. Murphy-Hazzard. Defendants object to these expert fees on the grounds that the Court is precluded from awarding experts' fees to Plaintiffs under the recent Supreme Court decision in Arlington Central v. Murphy,

126 S.Ct. 2455 (2006).[7] Prior to <u>Arlington Central</u>, parents who prevailed in an IDEA action were allowed to recover expert witness expenses in the Ninth Circuit. <u>See</u> <u>Noyes v. Grossmont Union High School Dist.</u>, 331 F.Supp.2d 1233, 1251 (S.D. Cal. 2004) <u>rev'd on other grounds</u>, 2006 U.S. App. WL 2348121 (9th Cir., Aug. 15, 2006) (memorandum opinion). In <u>Arlington Central</u>, however, the Supreme Court decided that under the IDEA, "prevailing parents may not recover the costs of experts or consultants." 126 S.Ct. at 2461.

Here, Plaintiffs and the DOE entered into their settlement agreement nine days prior to the decision in <u>Arlington Central</u>. The settlement agreement provided that the DOE wold pay Plaintiffs "reasonable attorneys' fees and costs." (Pls.' Mem. Supp. Ex. A.) Plaintiffs argue that when the agreement was executed, both parties believed that experts' fees were part of these costs. (Pls.' Reply Mem. 5). To support their position, Plaintiffs attach a number of prior cases in which they recovered experts' fees from the DOE. Because the DOE paid these fees in the past, Plaintiffs argue, the DOE must have anticipated paying them again in this case.

---

[7] Defendants also object to the expert fees on the grounds that Plaintiffs have failed to meet the procedural requirements of Local Rule 54.3(d)(3), which exhorts the party requesting non-taxable expenses to "attach copies of invoices and receipts, if possible." L.R. 54.3(d)(2).

At issue, however, is not what the DOE anticipated that it would ultimately have to pay Plaintiffs as a result of the contract, but what the DOE and Plaintiffs intended by the terms of the contract. As the DOE points out, the agreement "does not specify . . . the specific costs being agreed to." (Def.'s Mem. Opp. 4.) Rather, the generalized language of "reasonable attorney's fees and costs" indicates that the parties intended the DOE to reimburse Plaintiffs for all costs allowed by law. While the DOE may have believed that those costs would include experts' fees, it did not bind itself to pay them. It bound itself only to pay that which it was legally compelled to pay under IDEA. And under IDEA, expert witness fees are not "costs" which can be recovered by a prevailing party. Arlington Central, 126 S.Ct. at 2461.

Plaintiffs and the DOE could have specified that the DOE would reimburse Plaintiffs for "costs, including experts' fees." But they did not. Nor have Plaintiffs produced any extrinsic evidence to show that the parties actually intended the term "costs" to mean "costs, including experts' fees." All Plaintiffs have produced is circumstantial evidence indicating that the DOE might have reasonably expected that the contract would result in the reimbursement of expert's fees. This is not sufficient to show that the parties intended the "reasonable attorney's fees and costs" term of the settlement agreement to mean anything other than legally

16

allowable fees and costs. Therefore the Special Master recommends that the settlement agreement be enforced according to its terms and that Plaintiffs not be awarded the expert fees they request.

### C. Other Costs

Finally, Defendants request reimbursement for a variety of other costs. In its memorandum in opposition, the DOE notes that Plaintiffs have failed to attach the relevant invoices or receipts as required by Local Rule 54.3(d). The DOE states that it "will not object to the other costs [beyond the expert witness fees]; however, in accordance with L.R. 54.3(d), for those costs that would normally be charged to Plaintiffs' counsel through an invoice, Defendant requests that copies of the invoices or receipts be produced." The Special Master therefore recommends that the DOE be ordered to reimburse Plaintiffs for any photocopying, computerized research, messenger charges, facsimile charges, filing fees, sheriff's fees, postage costs, and allowable tax on these costs, to the extent that Plaintiffs provide the DOE with proper documentation of those expenses. This amount shall not exceed **$1,534.56**.

### CONCLUSION

For the foregoing reasons, the Special Master recommends that the settlement agreement be approved, and that Plaintiffs be awarded $34,410.58 in

attorneys' fees, $7,136.41 in paralegal fees, and up to $1,534.56 in other costs.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
 Dated: December 29, 2006

Alicia F. ex rel. Linda F. v. Dep't of Educ.; REPORT OF SPECIAL MASTER FINDING AND RECOMMENDING THAT PLAINTIFFS MOTION TO APPROVE THE SETTLEMENT AND AWARD ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART; Cv. No.06-00268 HG-BMK