IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALICIA F, by and through her parents, LINDA F. and RAYMOND F., <br><br>             Plaintiffs, <br><br>      vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br>             Defendant. | CIVIL NO. 06-00268 HG-BMK <br><br> **ORDER ADOPTING IN PART AND REJECTING IN PART REPORT OF SPECIAL MASTER FINDING AND RECOMMENDING THAT PLAINTIFFS' MOTION TO APPROVE THE SETTLEMENT AND AWARD ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART** |

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT OF SPECIAL MASTER FINDING AND RECOMMENDING THAT PLAINTIFFS' MOTION TO APPROVE THE SETTLEMENT AND AWARD ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART**

Plaintiffs have moved the Court to approve their settlement agreement and award them attorneys' fees and costs in this Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 et seq. case. Pursuant to Local Rule 53.1 the Court designated the case to a magistrate judge as a Special Master and the Special Master has issued a Finding and Recommendation that Plaintiffs' Motion to Approve the Settlement Agreement and Award Attorneys' Fees and Costs Be Granted in Part and Denied in Part. For the reasons set forth below, the Court adopts in part and rejects in part the Finding and Recommendation.

## BACKGROUND AND PROCEDURAL HISTORY

The factual background, relevant case law, and procedural

1

history are detailed in the "Report of Special Master Finding and Recommending That Plaintiffs' Motion to Approve the Settlement and Award Attorneys' Fees and Costs Be Granted in Part and Denied in Part"  ("F&R", Doc. 22.)

On January 17, 2007, Plaintiffs filed a Statement of Objections to the F&R.  ("Objections", Doc. 23.)

Defendant has not filed any objections or responded to Plaintiffs' Objections.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made.  See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge.  Raddatz, 447 U.S. at 673-74.

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered.  See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992).  The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## ANALYSIS

Plaintiffs object to the F&R on the grounds that: (1) the hourly rate for Stanley E. Levin, Esq. should be $300.00 and not $285.00; (2) Plaintiffs should be reimbursed for expert witness fees under the Settlement Agreement as a cost; and (3) Plaintiffs may recover fees for meetings with the client and other attorneys attended by both Mr. Levin and his paralegal, Mr. Bruce P. Ellis.

The Court first notes that many of the reductions in Plaintiffs' requested attorneys' fees are due to Plaintiffs' failure to submit their request in accordance with the Local Rules for the District of Hawaii. The Plaintiffs are reminded that the Local Rules do not permit block billing and require that the party seeking attorneys' fees adequately describe the services rendered. The Court echos the Special Master's concerns and Plaintiffs' attorneys are put on notice that subsequent disregard for the Local Rules will result in more tangible consequences.

**1.   Hourly rate for Stanley E. Levin, Esq.**

The F&R recommends an hourly rate of $285.00 for Mr. Levin. (F&R at 7.) Plaintiffs seek an hourly rate of $300.00. (Objections at 4-5.) Plaintiffs contend that the Special Master erred[1] by failing to adequately weigh a Hawaii state court

---

[1] Plaintiffs erroneously apply the standard for review of an appeal of a Magistrate Judge's order on a non-dispositive matter set forth in Local Rule 74.1. Because the issue of attorneys'

3

decision awarding Mr. Levin attorneys' fees at the $300.00 per hour. (Objections at 4.)

The Special Master is correct. The F&R correctly finds that, based on the evidence presented by Plaintiffs, $285.00 per hour is the prevailing rate in the community. Plaintiffs themselves provide a declaration of attorney Bruce Sherman which states that the prevailing rate in the community for attorneys of Mr. Levin's skill and reputation is $285.00 per hour. This is also the rate the Court has previously awarded Mr. Levin. This is not a complex civil or criminal matter. In assessing the reasonableness of attorneys' fees the Court looks to evidence of the prevailing rate in the community for the work performed and need not defer to attorneys' fees awards by other courts.

## 2. Reimbursement for expert witness fees under the settlement agreement

The F&R recommends that the Plaintiffs not be awarded their expert witness fees. Plaintiffs request reimbursement for $5,585.00 paid to their expert witnesses Dr. Bateman and Dr. Murphy-Hazzard. In <u>Arlington Central Sch. Dist. Bd. of Educ. v. Murphy</u>, __ U.S. __, 126 S. Ct. 2455 (2006), the Supreme Court decided that under the IDEA, "prevailing parties may not recover the costs of experts or consultants." <u>Arlington Central</u>, 126 S. Ct. at 2461. Prior to <u>Arlington Central</u>, district courts in the

---

fees is considered dispositive, the Court applies the de novo standard of review set forth in Local Rule 74.2.

Ninth Circuit allowed recovery of expert witness fees under the IDEA.  See e.g., Noyes v. Grossmont Union High Sch. Dist., 331 F. Supp. 2d 1233, 1251 (S.D. Cal. 2004), rev'd on other grounds, 2006 U.S. App. WL 2348121 (9th Cir., Aug. 15, 2006) (memorandum opinion).

Plaintiffs and the DOE entered into the settlement agreement nine days prior to the decision in Arlington Central.  The settlement agreement provided that the DOE would pay Plaintiffs "reasonable attorneys' fees and costs."  (F&R at 15 (citing Pl. Mem. Supp. Exh. A).)  The Special Master recommends that Plaintiffs not be awarded the expert fees they request because the DOE "bound itself only to pay that which it was legally compelled to pay under IDEA."  (F&R at 16.)  The Special Master reasons that the language of the settlement agreement obligating the DOE to pay "reasonable attorneys' fees and costs", indicates that the parties only intended the DOE to reimburse for costs allowed by law and that since, under the law, witness fees are no longer awarded as costs, Plaintiffs cannot recover them under the terms of the settlement agreement.  (Id.)

The Court declines to accept the Special Master's recommendation and finds that the DOE is obligated to reimburse Plaintiffs for their expert witness fees in the amount of $5,585.00.  The DOE relies on Ford v. Long Beach Unified School Dist., 461 F.3d 1087 (9th Cir. 2006) for the proposition that

<u>Arlington Central</u> applies retroactively to prevent the recovery of expert fees for a settlement agreement entered into prior, but enforced after, the <u>Arlington Central</u> decision. <u>Ford</u> does not offer guidance on this issue. In <u>Ford</u>, the court did not address whether the plaintiffs were prevailing parties because the court held that the IDEA does not permit attorney-parents to recovery attorneys' fees. <u>Ford</u>, 461 F.3d at 1088 n.1. Unlike the settlement agreement in this case, it is unclear whether the settlement agreements at issue in the <u>Ford</u> case contained any provision relating to the payment of reasonable attorneys' fees and costs. <u>Id</u>. at 1089-90.

At the time the parties entered into the settlement agreement, courts had interpreted the phrase "reasonable attorneys' fees and costs" in the IDEA context to include expert fees. In interpreting the terms of a contract the court considers the intent of the parties. See <u>Brown v. KFC Nat'l Mgmt. Co.</u>, 921 P.2d 146, 160 (Haw. 1996) ("[i]n construing a contract, a court's principal objective is to ascertain and effectuate the intention of the parties as manifested by the contract in its entirety. If there is any doubt, the interpretation which most reasonably reflects the intent of the parties must be chosen." ); <u>Joy A. McElroy, M.D., Inc. v. Maryl Group, Inc</u>. 114 P.3d 929, 936 (Haw. App. 2005) ("Our goal when interpreting a contractual provision is to determine the

intention of the parties. The intention of the parties is to be gathered from the whole instrument, and if this cannot be discovered, but there exists an ambiguity, then such construction must prevail as is most strong against the covenanter.... [T]he terms of a contract should be interpreted according to their plain, ordinary, and accepted use in common speech, unless the contract indicates a different meaning.") (citation omitted).

The fact that the law in effect at the time the parties entered into the settlement agreement allowed for the recovery of expert fees as costs is strong evidence of the parties' intent to allow for the recovery of such fees under the settlement agreement.  See Oil, Chemical and Atomic Workers Int'l Union, Local 1-547 v. N.L.R.B., 842 F.2d 1141, 1146 (9th Cir. 1988)("The law in effect at the time the contract is formed is another indication of the parties' intent . . . since a contract is interpreted in light of the law when last ratified."); La Fortune v. Naval Weapons Center Federal Credit Union(In re LaFortune), 652 F.2d 842, 846 (9th Cir. 1981) ("the laws which existed at the time the contract was entered into and which affect its validity, construction, discharge and enforcement, in effect, are incorporated within the contract.");  Lewis v. Lewis, 748 P.2d 1362, 1369-70 (Haw. 1988) (despite subsequent change in law court considered whether contract was unconscionable based on law at time parties executed contract).

Even if the meaning of "costs" were ambiguous, the Court would reach the same result. In interpreting an ambiguous contract provision, a court may look to the parties' course of dealings and the surrounding circumstances. See Stewart v. Brennan, 748 P.2d 816, 821 (Haw. App. 1988). In entering into the settlement agreement both parties were under the impression that a provision providing for the payment of "reasonable attorneys' fees and costs" included expert witness fees. Plaintiffs present evidence that the DOE has previously paid expert fees in full when obligated to pay "costs" under a settlement agreement. (Pl. Reply at Declaration of Stanley E. Levin at ¶¶ 2-5 and at Exhibits A-D.) The DOE does not refute this evidence. The DOE also does not argue that it understood the term "costs" not to include expert fees even though the law at the time allowed for the recovery of such fees as costs. To disallow the recovery of expert fees under the circumstances of this case would be inconsistent with the law in effect at the time the parties entered into the settlement agreement and would alter the parties' expectations and intentions in entering into the settlement agreement.

**3.   Recovery of fees for meetings attended by both Mr. Levin and his paralegal, Mr. Ellis**

The Special Master recommends that "Plaintiffs not be allowed to bill the DOE for the time Mr. Ellis spent meeting with clients or other attorneys when Mr. Levin was also present."

8

(F&R at 13.)  This time consists of two entries:  1.5 hours on January 19, 2006 and 0.5 hours on March 24, 2006.  (Id.)

This case presents somewhat unique circumstances because Mr. Levin suffers from Parkinson's disease.  (Objections at Declaration of Stanley E. Levin, dated January 17, 2007 ¶ 2.)  Mr. Levin relies on the services of Mr. Ellis in order to effectively represent clients.  (Levin Decl. ¶¶ 3-4.)  In support of their Objections, Plaintiffs submit the Declaration of Bruce P. Ellis, dated January 17, 2007.  Mr. Ellis states that he is "an essential accommodation agreed to by the [Department of Commerce and Consumer Affairs] in order to permit Mr. Levin to continue to do the Administrative Hearings as long as he can provide me to ask pre-scripted and other questions that arise.  I serve the same role in these client meetings."  (Ellis Decl. ¶ 9; see Levin Decl. ¶¶ 3-4.)  The DOE objects to "double billing" for both Mr. Levin's and Mr. Ellis' time.

The F&R recommends that the Plaintiffs recover for time billed by both Mr. Levin and Mr. Ellis when present together at hearings.  (F&R at 12-13.)  The DOE has not objected to this recommendation.

With regard to meetings, however, the general rule is that two professionals cannot bill for the same meeting.  While this case presents somewhat unique circumstances, the Plaintiffs have not sufficiently briefed the issue.  Whether or not the services

of Mr. Ellis are a necessary and reasonable accommodation for Mr. Levin to continue to represent clients, the real issue is who should bear this expense -- the DOE or Mr. Levin's clients. If, in future cases, Mr. Levin and Mr. Ellis intend to attempt to recover fees for meetings attended by both, more extensive briefing and citation to applicable case law is required.

The Court adopts the Special Master's recommendation that Plaintiffs not be allowed to recover fees for the 2.0 hours of Mr. Ellis' time spent attending meetings with Mr. Levin.

### CONCLUSION

For the foregoing reasons,

(1) the Court **ADOPTS IN PART AND REJECTS IN PART** the "Report of Special Master Finding and Recommending That Plaintiffs' Motion to Approve the Settlement and Award Attorneys' Fees and Costs Be Granted in Part and Denied in Part" (Doc. 22);

(2) Plaintiffs' Motion to Approve the Settlement and Award Attorneys' Fees and Costs is **GRANTED IN PART AND DENIED IN PART** (Doc. 15);

(3) the F&R is **MODIFIED** as follows:  Plaintiffs are entitled to expert witness fees in the amount of $5,585.00;

(4) The F&R is **ADOPTED** as to its award of $34,410.58 in attorneys' fees, $7,136.41 in paralegal fees, and up to

10

   $1,534.56 in other costs.

 IT IS SO ORDERED.

 DATED: Honolulu, Hawaii, February 20, 2007.



           /S/ Helen Gillmor
          Helen Gillmor
          Chief United States District Judge

---

Alicia F., by and through her parents, Linda F. and Raymond F. v. Department of Education, State of Hawaii; Civ. No. 06-00268 HG-BMK; **ORDER ADOPTING IN PART AND REJECTING IN PART REPORT OF SPECIAL MASTER FINDING AND RECOMMENDING THAT PLAINTIFFS' MOTION TO APPROVE THE SETTLEMENT AND AWARD ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART**